IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY J. SPENCER, | Civil Action No. 14-10093-TPA |
| Debtor, | (Chapter 13) |
| v. | Thomas P. Agresti |
| RANDY J. SPENCER, | |
| Movant. | |
| v. | |
| NO RESPONDENT. | |

**OBJECTION OF JAMES GREENFIELD TO DEBTOR'S MOTION TO EMPLOY
SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §327(a) and BANKRUPTCY RULE 2014**

James Greenfield[1], by and through his counsel, Bethann R. Lloyd and Grogan Graffam, P.C., respectfully Objects to the Debtor's Motion to Employ Special Counsel Pursuant to 11 U.S.C. §327(a) and Bankruptcy Rule 2014 (Doc. 63) and asks that the Motion be denied on the following grounds.

### A. Debtor Failed to Disclose to the Court that he already engaged Counsel and Filed a Lawsuit in November of 2014, without seeking permission of the Court.

1. Debtor's Motion to Employ Special Counsel has not been appropriately identified as a Motion *nunc pro tunc*.

2. Although Debtor indicates in his Motion that he "intends to file suit" (Motion ¶3), Debtor omits to advise the Court that he already done so.

3. Specifically, Debtor, acting through his counsel Tim McNair, initiated a malicious prosecution action against James Greenfield et al. by Praecipe for a Writ of Summons on or about November 24, 2014. A true copy of the Docket is attached as Exhibit 1.

---

[1] Mr. Greenfield's Objection is on behalf of himself individually, as a party in interest, and not made on behalf of any creditor.

579888

4. Debtor filed a Complaint on February 20, 2015. A true copy of the Complaint is attached as Exhibit 2.

5. Debtor's Contingent Fee Agreement, attached to the Motion (Doc. 63-3) and dated February 20, 2015, further states that Debtor appoints Attorney McNair to institute and maintain a lawsuit against Mr. Greenfield. The Contingent Fee Agreement is misleading in that it is dated February 20, 2015, despite the Debtor having already filed the action months earlier utilizing the same lawyer whom Debtor purportedly now seeks the Court's permission to employ.

6. Although this Court has discretion to grant *nunc pro tunc* approval, the Third Circuit has held that "*nunc pro tunc* approval should be limited to cases where extraordinary circumstances are present." In re Ark. Co., 798 F.2d 645, 649 (3d Cir. N.J. 1986). The delay in seeking approval must be due to hardship beyond the professional's control. Id. For example, whether the applicant was under time pressure to begin service without approval is a factor to be considered, as well as the amount of delay and the extent of potential prejudice. Id; *See also*, Siwy-Graham v. Caroff, 2008 U.S. Dist. LEXIS 56355 *14 (W.D. Pa. July 24, 2008).

7. Here, there was no time pressure and no excuse for Debtor not seeking the Court's permission in advance of filing suit, as the events giving rise the subject matter of the lawsuit occurred between 2010 and 2012. The cause of action accrued in December of 2012.

8. Debtor could have initiated his malicious prosecution action prior to the filing of his bankruptcy petition, or with permission, at any point in the past year following the filing of his bankruptcy petition. He did neither.

9. Further, Debtor filed his Praecipe for a Writ of Summons in November of 2014, and then delayed seeking permission to employ counsel until after his Complaint was filed in February of 2015.

579888

10. In fact, as explained in more detail below, Debtor has never identified to either this Court or his creditors a malicious prosecution claim against Mr. Greenfield as an asset of his bankruptcy estate.

11. For all of these reasons, Debtor's Motion should not be granted.

### B. Debtor failed to disclose the malicious prosecution action as an asset of the bankruptcy estate.

12. More substantively, Debtor has not disclosed his action against Mr. Greenfield as an asset of the bankruptcy estate.

13. Debtor initiated this Chapter 13 Bankruptcy case on January 28, 2014.

14. On March 11, 2014, Debtor filed Schedule B under oath identifying personal property assets. (Schedule B, Doc. 16). Question No. 21 of Schedule B required Debtor to identify claims (including contingent and unliquidated claims) of every nature. Debtor responded by listing the generic phrase: "Malpractice Claims." He did not disclose a malicious prosecution claim or any other type of claim against Attorney Greenfield.

15. Such disclosure was of utmost importance given the circumstance that Mr. Greenfield had previously entered his appearance as counsel for one of the creditors, Galaxy Federal Credit Union. (Appearance, Doc. 4). Debtor's failure to identify a potential claim against Mr. Greenfield precluded him from analyzing his responsibilities to his client under the Pennsylvania Rules of Professional Conduct, Rule 1.7 at the outset of this matter.

16. Moreover, at a Creditors' meeting on June 25, 2014, Debtor was subjected to questioning under oath about the "malpractice claims" he listed in Schedule B. Ironically, Mr. Greenfield conducted the questioning of Debtor that is pertinent here.

17. Debtor testified that his claims were against another attorney (Attorney John Quinn) and possibly another lawyer for a blown statute of limitations related to loss of an oil

579888

line. The Trustee's counsel made a handwritten notation as to Spencer's testimony and filed the Minutes on July 3, 2014. (Minutes, Doc. 36).[2]

18. On July 15, 2014, Debtor filed an Amended Schedule B. (Doc. 40). He made no revisions in response to Question No. 21.

19. Debtor initiated his lawsuit against Mr. Greenfield just months later, by and through the very lawyer he is seeking to employ now, Attorney McNair.

20. Presumably, any theoretical recovery as a result of the lawsuit would be of interest to the Trustee as a potential source of distribution to creditors.

21. The Third Circuit has long held that the failure to disclose a claim precludes a subsequent independent action. Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 419 (3d Cir. (N.J.) 1988); See also, Prekop v. PNC Bank, 2013 U.S. Dist. LEXIS 6193, 4-5 (W.D. Pa. Jan. 16, 2013) citing, Krystal Cadillac-Oldsmovile GMC Truck, Inc. v. Gen. Motors Corp, 337 F.3d 314, 319-20 (3rd Cir. 2003) *cert. denied*, 541 U.S. 1043 (2004)(holding that judicial estoppel precluded an undisclosed action.)

22. Here, judicial estoppel applies to bar Debtor's claim as he has: 1) taken inconsistent positions as to the existence of his claim; 2) played fast and loose with the Courts in terms of failing to disclose the claim to the Court and his creditors and even now, omitting to reveal that the claim was already pending and counsel was retained months ago.

23. Clearly, if Debtor did not consider this claim an asset sufficient to list it on his Schedules and disclose it to his creditors when he testified at the Creditors' Meeting, he suffers no harm by not being allowed to employ special counsel to pursue it now.

---

[2] Mr. Greenfield has also secured the audio recording of Debtor's testimony that is referenced in the Minutes. However, as of the time of this filing, a transcript was not available. The relevant excerpt of the testimony is at 16:58-18:30.

579888

24. Accordingly, Debtor should not be granted permission *nunc pro tunc* to proceed to employ counsel to pursue an action that he repeatedly failed to disclose to this Court and his creditors as an asset of his bankruptcy estate.

### C. Debtor is not the real party in interest in respect to proceeding in the tort action.

25. Finally, Debtor lacks standing to proceed with a lawsuit as he is not the real party in interest. Only the Trustee of his bankruptcy estate may file this suit, absent formal abandonment by the Trustee of the claim.

26. When a debtor files a bankruptcy petition, all of the debtor's property, including causes of action that have accrued as of that time, becomes property of the bankruptcy estate. 11 U.S.C. § 541(a)(1); 11 U.S.C. §1306.

27. Only if the bankruptcy trustee formally abandons a claim does that claim revest in the debtor such that the debtor may bring suit in his own name. *See*, 11 U.S.C. §554.

28. Upon information and belief, the Trustee has not abandoned any claim.

WHEREFORE, in light of all of the above, James Greenfield objects to Debtor's Motion to Employ Special Counsel (Doc. 63) and requests that it be denied.

Respectfully submitted,

GROGAN GRAFFAM, P.C.

/s/*Bethann R. Lloyd*
Bethann R. Lloyd, Esquire
PA I.D. No. 77385
Four Gateway Center, 12th Floor
Pittsburgh, PA  15222
Email: blloyd@grogangraffam.com
(412) 553-6300
Pa. Bar No. 77385
*Counsel for James Greenfield, individually,
as a party in interest*

579888