| | |
|---|---|
| RANDY J. SPENCER,<br>Plaintiff | IN THE COURT OF COMMON PLEAS<br>VENANGO CO., PENNSYLVANIA |
| v. | CIVIL ACTION - LAW |
| CRANBERRY TOWNSHIP,<br>JAMES M. GREENFIELD and<br>FRANK PANKRATZ,<br>Defendants | No. 1326-2014 |

TO: James M. Greenfield
1030 Liberty Street
Franklin, PA 16323-1298

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED. BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

> Venango County Bar Association
> Pro-Bono Program
> c/o Venango County Court Administration
> Venango County Courthouse
> Franklin, PA 16323
> 814-432-9610

_____
Attorney

EXHIBIT 2

| | |
|---|---|
| RANDY J. SPENCER,<br>Plaintiff | IN THE COURT OF COMMON PLEAS<br>VENANGO CO., PENNSYLVANIA |
| v. | |
| | CIVIL ACTION - LAW |
| CRANBERRY TOWNSHIP,<br>JAMES M. GREENFIELD and<br>FRANK PANKRATZ,<br>Defendants | No. |

## COMPLAINT

NOW, comes the Plaintiff, Randy J. Spencer, by and through his attorneys, McNair Law Offices, PLLC and Timothy D. McNair, Esquire and claims damages of Defendants upon a cause of action whereupon the following is a statement:

1. Plaintiff is Randy J. Spencer, an adult individual residing at Cranberry Township, Venango County, Pennsylvania.

2. Plaintiff has is the owner of several pieces of real estate adjoining Route 322 in Cranberry Township at its intersection with the private road Garden Lane.

3. Defendant, James Greenfield is an individual residing in Venango County, Pennsylvania. Mr. Greenfield is an attorney-at-law, engaged in private practice and has, at various times, served as an independent contractor, giving legal advice to Cranberry Township.

4. In 2006, Cranberry Township issued a zoning citation to Plaintiff. Plaintiff properly and timely filed a Land Use appeal notice appealing said citation. The basis of the citation was that Plaintiff was storing automobiles on his property.

5. Plaintiff is the only person the Township has ever taken any legal action

against regarding storage of automobiles on private property.

6. The Zoning Notice was issued against Plaintiff in retaliation for Plaintiff's outspoken criticism of the Township Supervisors of Cranberry Township.

7. Plaintiff's Land Use Appeal Notice was sustained and the zoning citation was dismissed.

8. In the mean time, Cranberry Township, with the assistance of its independent contractor, James Greenfield, drafted a "Nuisance Ordinance."

9. Subsequent to the enactment of the "Nuisance Ordinance" officials of Cranberry Township threatened Plaintiff with legal action if he did not comply with the ordinance by removing the automobiles stored on his property.

10. Prior to the institution of any legal proceedings by the Township against the Plaintiff, Plaintiff, through counsel, notified the Township that the "Nuisance Ordinance" was beyond the statutory authority of a third class township to enact in that it declared as *"nuisance per se,"* conditions that did not constitute a public nuisance, which would be valid exercise of the police power by a Second Class township.

11. Notwithstanding the warning, the Township filed a complaint against the Plaintiff in the Court of Common Pleas of Venango County, Pennsylvania, Civil Number 957-2010.

12. After the complaint was filed, Plaintiff, through counsel, filed an Answer raising as an affirmative defense that the Nuisance Ordinance is invalid because a Second Class Township is without power to declare use of property to be a nuisance, unless it is proved that use of the property is a nuisance in fact.

13. Notwithstanding notice of the legal defect in his client's claim, Defendant Greenfield, acting in his capacity as independent contractor solicitor for of Cranberry Township, listed the matter for a hearing before the Court.

14. That hearing was held on August 30, 2011, before the Honorable Fred P. Anthony, Senior Judge, specially presiding.

15. At that hearing, the only witness presented by Cranberry Township was its Zoning Officer, Chad Findley. Mr. Findley testified that he had inspected Plaintiff's property and the condition of Plaintiff's property had no impact outside the boundaries of the property other than the aesthetic nature of the property, admitting there was no evidence of vermin inhabiting or emanating from the premises.

16. The presiding judge entered an Order dismissing the complaint, finding that the Township's Nuisance Ordinance was not authorized by the Second Class Township Code, and that because of the complete absence of proof of a public nuisance, no relief was available to the Township.

17. Upon information and belief, the ordinance was drafted for the Township by its independent contractor legal advisor, Defendant Greenfield, in response to Plaintiff's successful appeal of the zoning violation ordinance.

18. The Order dismissing Cranberry Township's complaint was the subject of a post-trial Motion filed by Defendant Greenfield, who then filed an appeal to the Commonwealth Court at docket number 2289 CD 2011.

19. In response to the appeal, Plaintiff was required to retain counsel to prepare, copy, file, and serve a Brief in Response to that of the Township and to

represent the Plaintiff at oral argument before the Commonwealth Court.

20. The Commonwealth Court upheld the Order of the lower Court.

21. The nuisance action has been resolved in favor of the Plaintiff.

22. The motive of Defendant Greenfield in drafting the Nuisance Ordinance, knowing it was invalid, and filing and pursuing the nuisance action was to retaliate against the Plaintiff for the fact that, on several occasions, Plaintiff had embarrassed him by prevailing on numerous criminal and civil claims filed against the Plaintiff on behalf of Defendant's client, Cranberry Township.

23. Defendant Greenfield was further motivated to bring and maintain a merit-less action against Plaintiff to retaliate against Plaintiff for Plaintiff's outspoken criticism of one of his clients, Cranberry Township.

24. As the result of the actions of Defendant, Greenfield, Plaintiff was put to significant expense in defending the meritless action, incurring attorneys fees, and suffered nervousness, embarrassment, and humiliation as a result of the false allegations brought against him and suffered the mental anguish usually associated with being a Defendant in a civil action threatening financial devastation, as well as other damages.

25. Given the willful and fraudulent nature of Defendant Greenfield's actions, punitive damages should be awarded.

26. At all times Greenfield was acting as an Independent Contractor for his client, Cranberry Township, and not as an employee.

27. The actions of Defendant Greenfield, in knowingly bringing a meritless

action constitute fraud or intentional conduct within the meaning of 42 Pa. C.S. § 8550.

WHEREFORE, Plaintiff demands judgment against Defendant, James Greenfield, in an amount in excess of the applicable limits for mandatory arbitration in Venango County, together with punitive and exemplary damages as provided for in 42 Pa. C.S.A. § 8353, his costs, attorneys fees, and such other and further relief as the Court deems just.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____
Timothy D. McNair, Esquire
Attorney for Plaintiff
821 State Street
Erie, Pennsylvania 16501
(814) 452-0700
PA ID# 34304

| | | |
|---|---|---|
| RANDY J. SPENCER, | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | VENANGO CO., PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | CIVIL ACTION - LAW |
| CRANBERRY TOWNSHIP, | : | |
| JAMES GREENDIELD and | : | |
| FRANK PANKRATZ, | : | |
| Defendants | : | No. |

## VERIFICATION

I, Randy J. Spencer, verify that the facts set forth in the within Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 28 U.S.C. §1746 regarding unsworn declarations under penalty of perjury.

_2/20/15_
Date

_Randy J. Spencer_
Randy J. Spencer

| | |
|---|---|
| RANDY J. SPENCER,<br>Plaintiff | : IN THE COURT OF COMMON PLEAS<br>: VENANGO CO., PENNSYLVANIA |
| v. | : CIVIL ACTION - LAW |
| CRANBERRY TOWNSHIP,<br>JAMES GREENDIELD and<br>FRANK PANKRATZ,<br>Defendants | : No.   1326-2014 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of February, 2015, the Complaint, was served via U.S. first class mail, postage prepaid, upon the following:

Bethann R. Lloyd, Esquire
Four Gateway Center, 12th Floor
Pittsburgh, PA 15222

John Giunta, Esquire
650 Washington Road, Ste. 700
Pittsburgh, PA 15228

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____
Timothy D. McNair, Esquire
Attorneys for Plaintiff
821 State Street
Erie, PA  16501
814-452-0700
PA ID # 34304