IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Bankruptcy No. 14-10093-TPA |
| | : | |
| Randy J. Spencer, | : | Chapter 13 |
| d/b/a Allegheny Game Birds and | : | |
| d/b/a Spencer Mail Contracts, | : | Document No. _____ |
| Debtor | : | |
| | : | Hearing Date:  June 23, 2015 |

OBJECTIONS TO FINAL CONFIRMATION OF CHAPTER 13 PLAN
DATED MARCH 11, 2014

      NOW, comes Galaxy Federal Credit Union, by its undersigned attorneys, the Dale Woodard Gent Law Firm, and objects to final confirmation of the Debtor's Chapter 13 Plan dated March 11, 2014, as follows:

      1.     Galaxy Federal Credit Union ("Galaxy") is a secured creditor in the above-captioned bankruptcy case, having filed its Proofs of Claim at Claim No. 5 in the amount of $28,222.66 and at Claim No. 6 in the amount of $115,190.05.

      2.     The above-captioned bankruptcy case was commenced on January 28, 2014, by the filing of a voluntary petition under Chapter 13 of the Bankruptcy Code.

      3.     The Debtor filed his Chapter 13 Plan dated March 11, 2014 (the "Plan") on March 11, 2014.

      4.     On March 13, 2014, a meeting of creditors under Section 341(a) of the Bankruptcy Code and a confirmation hearing were scheduled for April 23, 2014.

      5.     The meeting of creditors and confirmation hearing scheduled for April 23, 2014, were not held, and were rescheduled for June 25, 2014.

      6.     The rescheduled meeting of creditors was held on June 25, 2014, and was adjourned to July 15, 2014.  No confirmation hearing was held on that date.

7. An Order of Court confirming the Plan on an interim basis was entered on July 3, 2014, at Document No. 35, which Order also scheduled a final plan conciliation conference for July 15, 2014.

8. The final plan conciliation conference was held on July 15, 2014, and was continued to October 14, 2014.

9. The adjourned meeting of creditors was held on July 15, 2014, and was further adjourned to October 14, 2014.

10. The continued final plan conciliation conference was held on October 14, 2014, and was further continued to January 13, 2015.

11. The adjourned meeting of creditors was held on October 14, 2014, and was closed.

12. The continued final plan conciliation conference was held on January 13, 2015, and was further continued to June 23, 2015.

13. The Plan provides for payments by the Debtor to the Chapter 13 Trustee of $2,420.00 per month, plus a lump sum payment of $15,000.00 "within thirty (30) days".

14. According to information on the Chapter 13 Trustee's website, as of June 16, 2015, the Debtor has paid a total of $37,800.00 to the Chapter 13 Trustee.

15. Under 11 USC §1326, the Debtor was required to commence making payments to the Chapter 13 Trustee not later than 30 days after the date of the filing of the Plan or the order for relief, whichever was earlier; therefore, payments were required to commence no later than February 27, 2014, being 30 days after the date of the order for relief pursuant to 11 USC §301(b).

16. Pursuant to 11 USC §1326 and the provisions of the Plan, as of June 16, 2015, the Debtor was required to have paid to the Trustee a total of $53,720.00, being sixteen monthly payments at $2,420.00 each ($38,720.00) and lump sum payments totaling $15,000.00.

17. As of June 16, 2015, the Debtor is, therefore, in default under the terms of the Plan due to a deficit in required payments of $15,920.00.

<u>Objection No. 1</u>

18. Galaxy objects to final confirmation of the Plan as the Debtor's failure to make all required payments as set forth above is not in compliance with the provisions of 11 USC §1326 and the provisions of the Plan.

WHEREFORE, Galaxy prays your Honorable Court to deny final confirmation of the Plan and to grant such other relief as is appropriate in the circumstances.

### Objection No. 2

19. The Debtor is engaged in business under the names "Allegheny Game Birds" and "Spencer Mail Contracts".

20. By reason of 11 USC §1304(b) and 11 USC §363(c)(1), a debtor engaged in business may only sell property of the estate without notice or a hearing if such sale is in the ordinary course of such business.

21. Upon information and belief, Galaxy avers that, during 2015, the Debtor has sold timber from real estate that is property of the estate and on which Galaxy holds a mortgage without any notice or hearing.

22. Upon information and belief, Galaxy avers that such timber sale was not in the ordinary course of any disclosed business of the Debtor.

WHEREFORE, Galaxy prays your Honorable Court to deny final confirmation of the Plan for failure to comply with the provisions of Sections 1304 and 363 of the Bankruptcy Code and to grant such other relief as is appropriate in the circumstances.

### Objection No. 3

23. Under 11 USC §1304(c) and 11 USC §704(a)(8), the Debtor is required to file with, inter alia, the Court periodic reports and summaries of the operation of the Debtor's business, including a statement of receipts (such as from timber sales) and disbursements.

24. As of June 16, 2015, the Debtor has filed no such reports and summaries in this case.

25. Galaxy does not know whether or not the Debtor has served the Chapter 13 Trustee with a Business Case Questionnaire or any Reports of Operations as required by Local Rule 2015-1(h).

26. On April 30, 2015, undersigned counsel for Galaxy submitted a written request to the Chapter 13 Trustee asking for copies of the Business Case Questionnaire and each monthly Report of Operations that had been delivered to her.

27. As of June 16, 2015, no response to the aforesaid written request to the Chapter 13 Trustee has been received.

WHEREFORE, Galaxy prays your Honorable Court to deny final confirmation of the Plan for failure to comply with the provisions of Sections 1304(c) and 704(a)(8) of the Bankruptcy Code and to grant such other relief as is appropriate in the circumstances.

DALE WOODARD GENT LAW FIRM

By  /s/James M. Greenfield
James M. Greenfield
Attorneys for Galaxy Federal Credit Union
Pa. Supreme Court I.D. No. 25920
1030 Liberty Street
Franklin, PA  16323
Phone: (814) 432-2181

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Bankruptcy No. 14-10093-TPA |
| | : | |
| Randy J. Spencer, | : | Chapter 13 |
| d/b/a Allegheny Game Birds and | : | |
| d/b/a Spencer Mail Contracts, | : | Document No. _____ |
| Debtor | : | |
| | : | Hearing Date:  June 23, 2015 |

CERTIFICATE OF SERVICE OF
OBJECTIONS TO FINAL CONFIRMATION OF CHAPTER 13 PLAN
DATED MARCH 11, 2014

  I certify under penalty of perjury that I served the above-captioned pleading on the parties at the addresses specified below or on the attached list on June 16, 2015.

  The type(s) of service made on the parties was first class mail.

Executed on: June 16, 2015

            DALE WOODARD GENT LAW FIRM

            By   /s/James M. Greenfield
              James M. Greenfield, Esquire
              Attorneys for Galaxy Federal Credit Union
              Pa. Supreme Court I.D. No. 25920
              1030 Liberty Street
              Franklin,  PA  16323
              Phone:  (814) 432-2181

Randy J. Spencer
166 Garden Lane
Franklin, PA   16323-7902


Michael J. Graml, Esquire
714 Sassafras Street
Erie, PA   16501


Ronda J. Winnecour
Chapter 13 Trustee
Suite 3250 USX Tower
600 Grant Street
Pittsburgh, PA   15219


Office of the United States Trustee
Liberty Center
1001 Liberty Avenue, Suite 970
Pittsburgh, PA   15222